In re Sean Huston BROWN, Relator.

No. WR–75,485–01.

Court of Criminal Appeals of Texas.

April 13, 2011.

Daniel H. Wannamaker, Austin, for appellant.

Fred M. Feldman, Assistant District Attorney, Richmond, Lisa C. McMinn, State's Attorney, Austin, for the State.

## ORDER

PER CURIAM.

In this application for writ of mandamus, the relator requests that we order the trial court to enter a judgment *nunc pro tunc* awarding him a certain period of pre-trial jail-time credit.[1] The Fourteenth Court of Appeals has already denied the relator mandamus relief,[2] and rightly so. Today

---

1. *See Ex parte Florence,* 319 S.W.3d 695, 696 (Tex.Crim.App.2010) (ordinarily, inmate must seek erroneously denied pre-trial jail-time credit by way of a motion for judgment *nunc pro tunc,* and, failing that, by filing application for writ of mandamus in court of appeals before attempting to seek mandamus relief in this Court).

2. *In re Sean Huston Brown,* 2010 WL 2541885 (No. 14–10–00503–CR, Tex.App.-

we deny mandamus relief as well. We write additionally to alert unwary trial counsel of the need to address an issue such as the one presented in this case at the appellate level rather than relying upon the illusory promise of a post-conviction remedy. A motion for judgment *nunc pro tunc* or a writ of mandamus to the appellate court if such a motion is denied will provide a remedy only if the right to pre-trial jail-time credit is absolutely indisputable under the terms of Article 42.03, Section 2(a)(1).[3]

The relator was arrested on July 12, 2006, charged with murder. But on December 17, 2007, some seventeen months later, after the relator's co-defendant claimed that the relator was not involved in the murder, but only helped destroy the body, the State re-indicted the relator for tampering with evidence, a third degree felony offense at the time of its commission.[4] The relator pled guilty to this newly charged offense in accordance with a plea bargain with the State. The terms of the plea bargain did not embrace credit against the relator's sentence for any pre-trial jail time. At the time that the relator entered his plea, on March 4, 2008, counsel for the relator made a statement for the record that he intended, at some *later* date, to make an issue of whether the relator should be credited for the time he spent in jail on the original murder charge, before he was re-indicted for tampering

with evidence. He alerted the trial court that "it's something you may have to deal with down the road" in the guise of a motion *nunc pro tunc*, but he also assured the trial court that "it is not affecting the plea in this case today." The trial court accepted the guilty plea and sentenced the relator to ten years' confinement in the penitentiary, crediting him with no more than the 78 days between the date of re-indictment for tampering with evidence and the date of sentencing. The trial court also dismissed the murder indictment.

■ The relator's present counsel (different than trial counsel) subsequently filed a motion for judgment *nunc pro tunc*, which the trial court denied. Present counsel then filed an application for writ of mandamus in the court of appeals. That court denied mandamus relief, observing that whether the relator was entitled to credit against his sentence for the time he spent in jail on the murder charge before he was re-indicted for tampering with evidence was a matter for judicial determination, requiring the trial court "to weigh and resolve conflicting legal claims."[5] Relying upon this Court's opinion in *Collins v. State*,[6] the court of appeals held that "[b]ecause the trial court was required to make a determination regarding whether [the relator] was entitled to additional jail time credit, no ministerial act was implicated."[7] Mandamus relief is unavailable to compel non-ministerial judicial acts.[8]

Houston [14th], delivered June 25, 2010) (not designated for publication).

3. *See* Tex.Code Crim. Proc. art. 42.03, § 2(a)(1) ("In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent ... in jail for the case ... from the time of his arrest and confinement until his sentence by the trial court").

4. *See* Tex. Penal Code § 37.09(c) & (d)(1) prior to amendment by Acts 2007, 80th Leg. ch. 287, § 1, p. 561, eff. Sept. 1, 2007.

5. *In re Brown, supra* at *2.

6. 240 S.W.3d 925 (Tex.Crim.App.2007).

7. *In re Brown, supra.*

8. *See, e.g., State ex rel. Young v. Sixth Jud. Dist. Court of Appeals,* 236 S.W.3d 207, 210

Whenever a defendant can show indisputably that he has been denied jail-time credit for a period of pre-trial incarceration for the identical "case" for which he was convicted and sentenced, he is entitled to relief from the convicting court in the form of a judgment *nunc pro tunc* and, failing that, by writ of mandamus in the court of appeals.[9] At issue in this case, however, is whether the relator's incarceration under the original murder indictment should count as incarceration for the same "case" as the tampering with evidence "case" for which he was later indicted and convicted. It does not seem to be disputed that the murder and evidence tampering arose from the same core facts. Whether that should suffice to render them the same "case" for purposes of Article 42.03, Section 2(a)(1), however, is a matter of statutory construction—manifestly a judicial rather than a ministerial function.[10] Such a manifestly judicial function is not subject to revision by a judgment *nunc pro tunc*, we held in *Collins*, because any error in the judicial decision is not a "clerical" one, and an appellate court may not properly mandamus a trial court to enter a judgment *nunc pro tunc* in these circumstances.[11] Accordingly, we deny leave to file the relator's application for writ or mandamus.[12]

The moral of the story: If a claim of pre-trial jail-time credit involves a question of the proper construction of the statute, as here, trial counsel would do well to try to preserve the issue for appellate resolu-tion. Post-conviction remedies will prove to be of no avail.

WOMACK, J., filed a statement respecting the denial of relief.

I join the Court's order with these understandings:

(1) Its last sentence ("Post-conviction remedies will be of no avail.") is limited to extraordinary writs that directly seek a *nunc pro tunc* change in the judgment.

(2) Our decision does not address the question whether extraordinary writs may be used to bring a claim of ineffective assistance of counsel for failing to seek proper award of jail-time credit in the judgment of conviction.

(Tex.Crim.App.2007) (mandamus applicant must establish, *inter alia*, "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision").

9. *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim.App.2004); *Ex parte Deeringer*, 210 S.W.3d 616, 617–18 (Tex.Crim.App.2006).

10. *See Simon v. Levario*, 306 S.W.3d 318, 321 (Tex.Crim.App.2009) ("[I]t is improper [for a

superior court] to order a trial court to exercise its judicial function in a particular way unless the relator has a 'clear right to the relief sought,' i.e., the law he invokes is definite, unambiguous, and *unquestionably applies to the indisputable facts of the case.*") (emphasis added).

11. 240 S.W.3d at 929.

12. Tex.R.App. P. 72.1 & 72.2.