TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00609-CV






In re Esau Alderete Ochoa, Jr.






ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY




M E M O R A N D U M O P I N I O N



 Relator Esau Alderete Ochoa, Jr., an inmate, has filed a pro se petition for writ of
mandamus in this Court. See Tex. Gov't Code Ann. § 22.221 (West 2011). In the petition, Ochoa
asks this Court to compel the trial court to enter a judgment nunc pro tunc modifying his judgment
of conviction to reflect fifteen days of missing presentence jail-time credit. We will deny the petition
without prejudice.

 To obtain mandamus relief in a criminal case, a relator must demonstrate that (1) he
has no other adequate legal remedy to address the alleged harm, and (2) under the relevant facts and
law, the act sought to be compelled is purely ministerial. State ex rel. Young v. Sixth Judicial Dist.
Court of Appeals, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). The relief sought must be clear
and indisputable, such that its merits are beyond dispute. Id.

 The trial court is required to grant a defendant presentence jail-time credit at the
time of sentencing. Tex. Code Crim. Proc. Ann. art. 42.03 § 2(a) (West 2011). When a defendant
can show that the court failed to award jail-time credit at the time the sentence is imposed, he may
file a motion with the convicting court requesting that it correct the error by entering a judgment
nunc pro tunc. Ex parte Ybarra, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). Because the law
requires the trial court to award credit for presentence time served, the judge's failure to do so
violates a ministerial duty. In re Daisy, 156 S.W.3d 922, 924 (Tex. App.--Dallas 2005, orig.
proceeding). Accordingly, a defendant is entitled to mandamus relief upon denial of a motion for
judgment nunc pro tunc, but only if the right to presentence jail-time credit is absolutely indisputable
under the terms of article 42.03, section 2(a)(1) of the code of criminal procedure. See In re Brown,
343 S.W.3d 803, 804 (Tex. Crim. App. 2011).

 The relator has the burden of providing the court with a record establishing his right
to mandamus relief. In re Mendoza, 131 S.W.3d 167, 168 (Tex. App.--San Antonio 2004, orig.
proceeding). Further, the Texas Rules of Appellate Procedure require a relator to file a certified or
sworn copy of every document material to his claim for relief. Tex. R. App. P. 52.7(a)(1). Here,
Ochoa fails to explain or support his contention that he has been denied jail-time credit for fifteen
days from May 17, 2010, the date of his arrest, through May 31, 2010. (1) Although Ochoa has
provided this Court with a copy of what he claims is his motion to enter judgment and sentence
nunc pro tunc, he has failed to provide this Court with a copy of the judgment of conviction or any
record reflecting how much jail-time credit he was entitled to and how much jail-time credit he
actually received, if any. Accordingly, we cannot determine that it is "absolutely indisputable" that
Ochoa is entitled to the jail-time credit that he claims. See Brown, 343 S.W.3d at 804.

 Based on the insufficient record before us, we cannot conclude that the trial court
abused its discretion in denying Ochoa the jail-time credit that he requests. Because Ochoa has failed
to demonstrate his right to relief, the petition for writ of mandamus is denied without prejudice.


 __________________________________________

 Diane M. Henson, Justice


Before Justices Puryear, Henson and Goodwin

Filed: April 5, 2012

1. According to the trial court, Ochoa was awarded seventy-two (72) days of presentence
jail-time credit from May 17, 2010, until he entered his guilty plea on July 28, 2010.