# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00609-CV

**In re Esau Alderete Ochoa, Jr.**

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Esau Alderete Ochoa, Jr., an inmate, has filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2011). In the petition, Ochoa asks this Court to compel the trial court to enter a judgment *nunc pro tunc* modifying his judgment of conviction to reflect fifteen days of missing presentence jail-time credit. We will deny the petition without prejudice.

To obtain mandamus relief in a criminal case, a relator must demonstrate that (1) he has no other adequate legal remedy to address the alleged harm, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). The relief sought must be clear and indisputable, such that its merits are beyond dispute. *Id.*

The trial court is required to grant a defendant presentence jail-time credit at the time of sentencing. Tex. Code Crim. Proc. Ann. art. 42.03 § 2(a) (West 2011). When a defendant can show that the court failed to award jail-time credit at the time the sentence is imposed, he may file a motion with the convicting court requesting that it correct the error by entering a judgment

*nunc pro tunc*. *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). Because the law requires the trial court to award credit for presentence time served, the judge's failure to do so violates a ministerial duty. *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). Accordingly, a defendant is entitled to mandamus relief upon denial of a motion for judgment *nunc pro tunc*, but only if the right to presentence jail-time credit is absolutely indisputable under the terms of article 42.03, section 2(a)(1) of the code of criminal procedure. *See In re Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011).

The relator has the burden of providing the court with a record establishing his right to mandamus relief. *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding). Further, the Texas Rules of Appellate Procedure require a relator to file a certified or sworn copy of every document material to his claim for relief. Tex. R. App. P. 52.7(a)(1). Here, Ochoa fails to explain or support his contention that he has been denied jail-time credit for fifteen days from May 17, 2010, the date of his arrest, through May 31, 2010.[1] Although Ochoa has provided this Court with a copy of what he claims is his motion to enter judgment and sentence *nunc pro tunc*, he has failed to provide this Court with a copy of the judgment of conviction or any record reflecting how much jail-time credit he was entitled to and how much jail-time credit he actually received, if any. Accordingly, we cannot determine that it is "absolutely indisputable" that Ochoa is entitled to the jail-time credit that he claims. *See Brown*, 343 S.W.3d at 804.

---

[1] According to the trial court, Ochoa was awarded seventy-two (72) days of presentence jail-time credit from May 17, 2010, until he entered his guilty plea on July 28, 2010.

Based on the insufficient record before us, we cannot conclude that the trial court abused its discretion in denying Ochoa the jail-time credit that he requests.  Because Ochoa has failed to demonstrate his right to relief, the petition for writ of mandamus is denied without prejudice.

_____

Diane M. Henson, Justice

Before Justices Puryear, Henson and Goodwin

Filed:   April 5, 2012

3