# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00090-CV

### In re Juan DeLaCruz Bustillo

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Juan De La Cruz Bustillo, an inmate, has filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2011). In the petition, Bustillo asks this Court to compel the presiding judge of the 331st Judicial District Court of Travis County to answer his request for a judgment *nunc pro tunc* modifying his judgment of conviction to reflect purportedly missing presentence jail-time credit. We will deny the petition.

Under the code of criminal procedure, a defendant is entitled to credit on his sentence for any time he spent in jail from the time of his arrest and confinement until his sentence. Tex. Code Crim. Proc. Ann. art. 42.03 § 2(a) (West 2011). The trial court is required to grant such presentence jail-time credit when the sentence is pronounced. *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). If the court fails to do so, the defendant may file a motion with the convicting court requesting that it correct the error by entering a judgment *nunc pro tunc*. *Id*. Because the law requires the trial court to award credit for presentence time served, the court's failure to do so violates a ministerial duty. *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). Consequently, a defendant is entitled to mandamus relief upon denial of a motion for

judgment *nunc pro tunc* when he can show indisputably that he is entitled to the requested jail-time credit. *See In re Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011).

A defendant may also seek mandamus relief if the trial court fails to respond to a motion for judgment *nunc pro tunc*. *Ex parte Ybarra*, 149 S.W.3d at 148-49. However, to obtain mandamus relief compelling a trial court to rule on a motion, a relator must establish: (1) a properly filed motion has been pending for an unreasonable time, and (2) the matter was brought to the attention of the trial court and the trial court failed or refused to rule on the motion. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). Further, it is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *see* Tex. R. App. P. 52.7(a)(1) (requiring that relator file certified or sworn copy of every document material to claim for relief).

Here, Bustillo complains that the trial court has refused to rule on his motion for judgment *nunc pro tunc*. However, he has not provided this Court with any record concerning the motion that is the basis of his request for relief. For example, he has not provided this Court with a file-stamped copy of his motion or any other document showing that his motion has been properly filed. Without this record, we cannot determine whether the motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge. In addition, Bustillo has not provided this Court with any record demonstrating that the motion has been brought to the trial court's attention or that a ruling was requested. Absent a showing that the trial court is aware of his

2

motion for judgment *nunc pro tunc*, has been asked to rule upon the motion, and refused to do so, Bustillo cannot establish that he is entitled to mandamus relief. *See In re Zepeda*, No. 03-12-00214-CV, 2012 WL 1499603, at *4 (Tex. App.—Austin Apr. 25, 2012, orig. proceeding) (mem. op., not designated for publication).

In addition, Bustillo has failed to provide this Court with any record supporting his contention that he is entitled to jail-time credit of more than one year. Bustillo has not provided this Court with a copy of the judgment of conviction or any record reflecting how much jail-time credit he was entitled to, if any, and how much jail-time credit he actually received, if any. Based on the insufficient record before us, we cannot determine that it is "absolutely indisputable" that Bustillo is entitled to the jail-time credit that he seeks. *See Brown*, 343 S.W.3d at 804.

Because Bustillo has failed to demonstrate his right to relief, the petition for writ of mandamus is denied without prejudice.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed:   April 11, 2013

3