

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00389-CR

**IN RE** Hector E. **PINTO**

Original Mandamus Proceeding[1]

Opinion by:      Karen Angelini, Justice

Sitting:      Karen Angelini, Justice
         Marialyn Barnard, Justice
         Patricia O. Alvarez, Justice

Delivered and Filed:  July 3, 2013

PETITION FOR WRIT OF MANDAMUS DENIED

Relator, Hector E. Pinto, filed a petition for writ of mandamus on June 19, 2013 seeking an order compelling the trial court to act on his motion for judgment *nunc pro tunc* in which he requested credit for pre-sentence jail time. Because mandamus is unavailable to compel a non-ministerial act, we deny mandamus relief on the facts of this case.

### BACKGROUND

Pinto was charged with indecency with a child (sexual contact) in January 2005. TEX. PENAL CODE ANN. § 21.11 (West 2011). Pursuant to a plea agreement, Pinto was placed on deferred adjudication for a period of five years in 2006. One of the conditions of his probation was immediate deportation to Mexico with no right of re-entry. Pinto later re-entered the country

---

[1] This proceeding arises out of Cause No. 2005CR1598, styled *The State of Texas v. Hector E. Pinto*, pending in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary D. Roman presiding.

illegally. In April 2009, he was placed in federal detention on a charge of illegal re-entry and sentenced to fifty-one months incarceration in January 2010. He was given credit for time served from April 22, 2009 to January 31, 2010 on his federal sentence.

As a result of Pinto's illegal re-entry, the State filed a motion to revoke his probation and enter a judgment of conviction in the indecency case. On January 1, 2013, upon the completion of his federal sentence, Pinto was moved to the Bexar County Adult Detention Center on a warrant issued in the indecency case. The trial judge conducted a hearing and, again as the result of a plea agreement, entered a judgment of conviction against Pinto on the indecency charge sentencing him to three years' incarceration. At the time judgment was entered, Pinto was given credit for 563 days of time served which included both his incarceration on the indecency charge before being placed on deferred adjudication and the days he served on the indecency charge following the State's motion to revoke and enter judgment of conviction.

Pinto filed a motion for judgment *nunc pro tunc* in the trial court asserting he was entitled to additional credit on his indecency sentence for the time he served in federal detention on the illegal re-entry charge. The trial court denied his motion in April 2013. Pinto then sought mandamus relief in this court asserting the trial court violated a mandatory, ministerial duty to amend his judgment of conviction and award credit for pre-sentence time served. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (West Supp. 2012) ("In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail for the case . . . from the time of his arrest and confinement until his sentence by the trial court").

### DISCUSSION

In this original proceeding, relator has not provided this court with certified copies of his motion for judgment *nunc pro tunc*, the trial court's order denying it, or any other record supporting

his claim for relief. It is the relator's burden to provide this court with a record sufficient to establish his right to relief. TEX. R. APP. P. 52.3(k), 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). However, the clerk's record is available in relator's direct appeal of his criminal conviction, also pending before this court.[2] *See In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding) (referring to record in direct appeal of conviction when record on *pro se* petition for writ of mandamus is inadequate).

The Texas Court of Criminal Appeals has held a motion for judgment *nunc pro tunc* in the trial court, or writ of mandamus in the appellate court if such a motion is denied, "will provide a remedy only if the right to pre-trial jail-time credit is absolutely indisputable under the terms of article 42.03, section 2(a)(1)." *In re Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011).

The issue raised in this mandamus proceeding is whether Pinto's incarceration under the illegal re-entry indictment and conviction should count as incarceration for the same "case" as the indecency with a child "case" for purposes of article 42.03. *See In re Brown*, 343 S.W.3d at 805. The Court of Criminal Appeals held in *Brown* that this question is a matter of statutory construction and involves a manifestly judicial function rather than a purely ministerial one and is, therefore, not subject to revision by *nunc pro tunc*. *Id.* "[A]n appellate court may not properly mandamus a trial court to enter a judgment *nunc pro tunc* in these circumstances." *Id.*

The defendant in *Brown* had originally been arrested and incarcerated on a murder charge. *Id.* at 804. After seventeen months he was re-indicted for tampering with evidence after his co-defendant claimed Brown was not involved with the murder, but only the destruction of the body. *Id.* The trial court gave credit for pre-sentence time served only on the tampering with evidence charge (seventy-eight days). *Id.* Defense counsel filed a motion for judgment *nunc pro tunc*

---

[2] Relator's direct appeal from his conviction is pending in appellate cause number 04-13-00104-CR, styled *Hector Edmundo Pinto v. The State of Texas*.

seeking additional credit for the seventeen months served on the murder charge, which the trial court denied. *Id*. On mandamus, the Houston Court of Appeals denied relief, "observing that whether the relator was entitled to credit against his sentence for the time he spent in jail on the murder charge before he was re-indicted for tampering with evidence was a matter for judicial determination, requiring the trial court 'to weigh and resolve conflicting legal claims.'" *Id.* (quoting *In re Brown*, No. 14-10-00503-CR, 2010 WL 2541885, at *2 (Tex. App.—Houston [14th Dist.] June 25, 2010, orig. proceeding) (not designated for publication)). Because no ministerial act was implicated, mandamus relief was unavailable. *Id*.

## CONCLUSION

Because mandamus relief is unavailable to compel a non-ministerial act based on the facts of this case, relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

Karen Angelini, Justice

DO NOT PUBLISH