

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-14-00103-CR**

**IN RE JAMES ELLIS CHANDLER**

_____

**Original Proceeding**

**MEMORANDUM OPINION**

James Ellis Chandler, a prison inmate, requests that this Court issue a writ of mandamus directing the Honorable Bob Carroll, judge of the 40th District Court in Ellis County, to amend Chandler's judgment and sentence in trial court case number 18251CR to reflect what Chandler alleges to be the proper back time credit owed to him.

We note that on the plea agreement in the underlying case, which was signed by Chandler, there is an area to enter the amount of credit for time served. This area is conspicuously empty. Because the agreement indicates that it contains the entirety of the plea agreement, and because the time credit blank on the trial court's docket sheet

was scratched out, it can be concluded that there was an agreement as giving no credit for time served. This makes sense because Chandler's sentence of 25 years in trial court case number 18251 ran consecutively with trial court case number 18252 in which Chandler received a life sentence. The time credit at issue may have been given to Chandler in 18252. *See In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) ("Whenever a defendant can show indisputably that he has been denied jail-time credit for a period of pre-trial incarceration for the identical "case" for which he was convicted and sentenced, he is entitled to relief from the convicting court in the form of a judgment nunc pro tunc and, failing that, by writ of mandamus in the court of appeals."). Alternatively, it could mean there was no agreement regarding time served and the defendant is entitled to credit for the time served pursuant to the statute. We believe this ambiguity creates a fact question about what the agreement of the parties was.

A motion for judgment nunc pro tunc or a writ of mandamus to the appellate court if such a motion is denied will provide a remedy only if the right to pre-trial jail-time credit is absolutely indisputable under the statute regarding time credit. *Brown*, 343 S.W.3d at 804; TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (West Supp. 2013). Mandamus relief is unavailable to compel non-ministerial judicial acts. *Id*. Because there is at least a fact question about what the agreement of the parties was, no

ministerial act is implicated. *See Brown*, 343 S.W.3d at 805; *Collins v. State*, 240 S.W.3d 925, 929 (Tex. Crim. App. 2007).

Accordingly, Chandler's petition for writ of mandamus is denied.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Petition denied
Opinion delivered and filed April 24, 2014
Do not publish
[OT06]