# NO. 12-13-00266-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JOHN MICHAEL DAISY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

John Michael Daisy, Relator, filed a petition for a writ of mandamus in this court. In the petition, Relator contends that Respondent, the Honorable Kerry L. Russell, Presiding Judge of the Seventh Judicial District Court of Smith County, Texas, denied his motion for judgment nunc pro tunc in violation of his ministerial duty to grant the motion. Relator also alleges that he is without an adequate remedy at law. He requests that this court issue an order directing Respondent to issue a judgment nunc pro tunc correcting his credit for time served while awaiting trial for a 1985 offense that occurred in Smith County. We deny the petition.

### BACKGROUND

On February 12, 1985, Relator committed an aggravated robbery in Smith County. On February 13, 1985, Relator committed an aggravated robbery in Henderson County, Texas. Relator was arrested on February 13, 1985, for the Smith County robbery, and was confined in jail.

On March 7, 1985, Relator was sent from Smith County to Henderson County to await trial for the Henderson County aggravated robbery. He was convicted of that offense, and on April 23, 1985, the Henderson County trial court signed a judgment stating that Relator's sentence was twenty-five years of imprisonment. Relator was relinquished to the custody of the Texas Department of Criminal Justice. However, he was returned to Henderson County for a new trial on the offense. Relator pleaded guilty, the offense was reduced to robbery, and Relator

was sentenced to twenty years of imprisonment on May 6, 1985. The trial court signed a new judgment and gave Relator credit for time served from the date he was arrested, February 13, 1985.

In his petition, Relator claims that Smith County had placed a "hold" on him for the Smith County offense, which resulted in his being sent to Smith County on June 7, 1985, on a bench warrant. Relator contends that, on August 15, 1985, the trial court sentenced him to twenty years of imprisonment for the Smith County offense. He states that the Smith County trial court granted him credit for ninety days as time served, which would have been from May 17, 1985, to the date of sentencing. However, Relator argues further that he received credit from February 14, 1985, through March 7, 1985, and separately, from June 7, 1985, through August 15, 1985. Relator states in his petition that because of the Smith County "hold," he remained in detention from February 13, 1985, through August 15, 1985, and was entitled to, but was denied, for that time.

Relator filed a motion for judgment nunc pro tunc in the Smith County trial court, alleging that the trial court's judgment should be corrected to accurately reflect the credit he is owed for time served awaiting trial on the Smith County offense. The trial court denied Relator's motion, and this original proceeding followed.


## CREDIT FOR TIME SERVED

Relator contends the trial court abused its discretion when it denied his motion for judgment nunc pro tunc, because the judgment for the Smith County offense erroneously reflects that he was erroneously denied credit for time served while awaiting trial for that offense in 1985.

### Standard of Review

To be entitled to mandamus relief with respect to a criminal law matter, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). "If there is any discretion or judicial determination attendant to the act, it is not ministerial in nature. Nor is a ministerial act implicated if the trial court must weigh conflicting claims or collateral matters

which require legal resolution." ***State ex rel. Hill v. Court of Appeals for the Fifth Dist.***, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

The relief sought must be "clear and indisputable" such that its merits are "beyond dispute." ***Id.*** at 927–28. It is relator's burden to provide this court with a sufficient record to establish the right to mandamus relief. *See* TEX. R. APP. P. 52.3(k), 52.7(a); ***Young***, 236 S.W.3d at 210; *see also **Walker v. Packer***, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

## Applicable Law

"The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." ***Alvarez v. State***, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). An error in the entry of judgment is clerical if it did not arise as the result of judicial reasoning. ***Id.***

The Texas Court of Criminal Appeals has held that a motion for judgment nunc pro tunc in the trial court, or writ of mandamus in the appellate court if such a motion is denied, will provide a remedy only if the right to pretrial jail time credit is "absolutely indisputable under the terms of article 42.03, section 2(a)(1)." ***In re Brown***, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011) (orig. proceeding) (per curiam); *see also **Hill***, 34 S.W.3d at 927–28 ("The relief sought must be clear and indisputable such that its merits are beyond dispute.") (internal quotations omitted).

## Discussion

The record contains the two judgments for the Henderson County offense. It does not include the Smith County judgment or any documentation related to that offense. Without the Smith County judgment, we do not know its terms and cannot confirm how the trial court granted credit for time served while Relator was awaiting trial on that offense.

Relator attached three reports from the Texas Department of Criminal Justice showing Relator's sentence date and identifying how many years and days of the sentence he has served. We are unable to determine the offense to which each report corresponds. One of the reports has an illegible sentence start date. The remaining two reports show a sentence start date of May 17, 1985. Relator alleges in his petition that he received a letter from the State Counsel of Offenders that said "[o]n May 5, 2011 an audit of your records was performed and an error was discovered and corrected. Your judgment and sentence [for the Smith County offense] awarded you back jail time of ninety days which gives you a sentence begin date of May 17, 1985. Your time is

3

correct." However, Relator did not include this letter in the record, and therefore we do not consider it.

It is Relator's burden to bring a record showing he is entitled to mandamus relief. *See* TEX. R. APP. P. 52.3(k), 52.7(a); *In re Brown*, 343 S.W.3d 803 at 804; *Young*, 236 S.W.3d at 210. Given that critical documents are missing from the record, Relator failed to meet his burden to show that it is absolutely indisputable that he was denied his right to jail time credit. *In re Brown*, 343 S.W.3d at 804; *Hill*, 34 S.W.3d at 927–28. Thus, Relator has not shown that the trial court failed to perform a ministerial duty, and consequently, Relator is not entitled to mandamus relief.

Furthermore, to the extent Relator complains of a judicial, rather than a clerical, error in the judgment of conviction, the trial court did not abuse its discretion in denying the motion for judgment nunc pro tunc. This is because judicial error is not susceptible to correction by nunc pro tunc. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).

## CONCLUSION

Relator has failed to satisfy his burden to demonstrate entitlement to mandamus relief. Accordingly, we *deny* Relator's petition for writ of mandamus.

SAM GRIFFITH
Justice

Opinion delivered August 29, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2014**

**NO. 12-13-00266-CR**

**JOHN MICHAEL DAISY,**
Relator
V.
**HON. KERRY RUSSELL,**
Respondent

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 7-85-105)

ON THIS DAY came to be heard the petition for writ of mandamus filed by **JOHN MICHAEL DAISY**, who is the defendant in Cause No. 7-85-105, pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on August 26, 2013, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*