**Deny Writ and Opinion Filed September 2, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-14-00964-CV
_____

### IN RE LIONEL MACK, Relator

---

### Original Proceeding from the Criminal District Court No. 6
### Dallas County, Texas
### Trial Court Cause No. W10-24621-X

---

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice FitzGerald

Relator filed this petition for writ of mandamus requesting that this Court compel the trial court to grant him credit for the time he contends he spent in jail awaiting sentencing from May 15, 2010 to August 12, 2010. In support of his petition, relator attached correspondence from the trial court advising him that his motion for judgment nunc pro tunc was denied because according to the Dallas County jail records his back time credit was correct and a "commitment inquiry" that shows the dates of his offenses, the date his sentence began to run and the length of his sentence. Relator also filed an unsworn inmate's declaration attesting to the facts in his petition for writ of mandamus and authenticated his appendix.

By order dated, August 8, 2014, the Court requested that the State respond to relator's petition. The State responded and stated that it "investigated Relator's claims and became of the

opinion that Relator was entitled to have the trial court enter an order either granting of denying Relator the relief he was requesting through the motion of judgment nunc pro tunc that he had filed." The trial court thereafter issued a written order on August 12, 2014 denying the relief the relator requested.

"Whenever a defendant can show indisputably that he has been denied jail-time credit for a period of pre-trial incarceration for the identical 'case' for which he was convicted and sentenced, he is entitled to relief from the convicting court in the form of a judgment nunc pro tunc and, failing that, by writ of mandamus in the court of appeals."[1] The record before this Court does not establish indisputably that the relator has been denied jail-time credit for a period of incarceration for the identical case for which he was convicted and sentenced. The commitment inquiry relator attached to his petition for writ of mandamus establishes only the dates of his offenses, the date his sentence began to run and the length of his sentence without reference to jail-time credit. Relator has failed to provide official records showing that he was incarcerated pre-trial for the offense for which he was ultimately sentenced on the dates he contends he was incarcerated. He has also failed to provide the trial court's judgment showing that he has been denied credit for those days. Accordingly, he has failed to establish his right to relief. Based on the record before the Court, we **DENY** the petition.


140964F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[1] *In re Brown,* 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (orig. proceeding).