In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00455-CR
_____

IN RE TIMOTHY LYNN TATE

**Original Proceeding**
**252nd District Court of Jefferson County, Texas**
**Trial Cause No. 12-15044**

**MEMORANDUM OPINION**

Timothy Lynn Tate filed a petition for mandamus complaining the trial court erred by including an affirmative deadly-weapon finding in the final judgment convicting him of aggravated assault. Tate suggests that the sentence he received on his conviction has been adversely affected by the deadly-weapon finding, and that his sentence was unauthorized. According to Tate, the charge did not ask that the jury make a deadly-weapon finding, and the trial should not have included that

finding in its judgment. Tate asks that this Court issue a writ of mandamus to compel the trial judge to remove the deadly-weapon finding from the judgment.[1]

To include a deadly-weapon finding in a final judgment following the trial of a criminal case, the trier of fact is first required to make an "affirmative finding" that the defendant "used or exhibited [a deadly weapon] during the commission of a felony offense or during immediate flight therefrom[.]" Tex. Code Crim. Proc. Ann. art. 42.12, § 3g (a)(2) (West Supp. 2016).[2] However, in his direct appeal from the judgment following his conviction for aggravated assault, Tate did not raise any issues that complained about the finding in the judgment that he had used a deadly weapon. *See Tate v. State*, No. 01-13-00290-CR, 2014 Tex. App. LEXIS 4457 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (not designated for publication) (raising four issues in his appeal from his conviction for aggravated assault, but none complained about the deadly-weapon finding). Nonetheless, Tate's failure to complain about the trial court's alleged error on direct appeal does not mean that the appellate remedy available to him was inadequate. *See generally*

---

[1] Tate asserts that he raised the issue with the trial court by filing a motion for entry of a judgment *nunc pro tunc*.

[2] Although the Legislature amended article 42.12 after Tate committed the assault that was at issue in his trial, no changes to article 42.12 are pertinent to the issues that he has raised in his petition. Therefore, we cite the current version of the statute.

*Duran v. State*, 492 S.W.3d 741, 749 (Tex. Crim. App. 2016) (reforming the judgment in a direct appeal when a deadly-weapon finding could not necessarily be inferred from the jury's finding that the defendant burglarized a habitation); *Brister v. State*, 449 S.W.3d 490 (Tex. Crim. App. 2014) (considering in the defendant's direct appeal the State's argument that the Court of Appeals had erred by striking a deadly-weapon finding for lack of evidence). In some cases, depending on the language in the indictment, the evidence in the trial, and the charge, it is possible that a trial court can infer from a finding on aggravated assault that the defendant used a deadly weapon in committing the assault. *See Duran*, 492 S.W.3d at 746 (noting the three different ways that a court can determine that the trier of fact actually made an affirmative deadly-weapon finding even though no express deadly-weapon question was submitted); *Crumpton v. State*, 301 S.W.3d 663, 665 (Tex. Crim. App. 2009) (holding that under the indictment, evidence, and the charge, the jury's determination that the defendant used a deadly weapon during the commission of a criminally negligent homicide could be inferred from the jury's finding that the defendant was guilty of committing criminally negligent homicide).

A petitioner who seeks mandamus relief is required to demonstrate that (1) the trial court failed to perform a ministerial duty and (2) the relator has no other

adequate remedy at law. *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). In the proceeding now before us, Tate has not provided all of the documents to the Court that are required by Rule 52.3(k)(1) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(k)(1). Moreover, it is possible that the trial court did not commit an error by including a deadly-weapon finding in its judgment. *See Crumpton*, 301 S.W.3d at 664 (concluding that the trial court properly included a deadly-weapon finding in its judgment where the jury necessarily found that the defendant used a deadly weapon in committing homicide). Whether the trial record allowed the trial court to deduce that the jury had found that Tate used a deadly weapon when committing the assault are matters that may be arguable. Consequently, the trial court's error, if any, is not one that necessarily concerns a non-ministerial judicial act. *See In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (explaining that post-conviction remedies are unavailable where the trial court is performing a judicial rather than a ministerial function); *Simon v. Levario*, 306 S.W.3d 318, 321 (Tex. Crim. App. 2009) (explaining that "it is improper to order a trial court to exercise its judicial (as opposed to its ministerial) function in a particular way unless the relator 'has a clear right to the relief sought[]'").

We hold that Tate's petition fails to demonstrate that he has a clear right to an order requiring the trial court to eliminate the deadly-weapon finding from its judgment. *See State ex rel. Hill*, 34 S.W.3d at 927. Because Tate has failed to establish that he is entitled to a writ of mandamus, his petition is denied.

PETITION DENIED.

PER CURIAM

Submitted on December 27, 2016
Opinion Delivered December 28, 2016
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.