

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00107-CR

IN RE THOMAS HUNTER DAVIS

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Thomas Hunter Davis asks this Court to compel, by writ of mandamus, the trial court to issue a judgment nunc pro tunc granting Davis credit for the period of time he served under house arrest. Because Davis has not provided this Court with a record establishing his entitlement to relief, we deny his request.

According to Davis's petition, he was under house arrest[1] from September 13, 2007, through August 14, 2009, at which point he was sentenced.[2] Davis asked the trial court to issue a judgment nunc pro tunc to award him credit for the twenty-three months spent on house arrest. The trial court denied Davis's motion on February 6, 2020.[3]

To be entitled to mandamus relief, Davis must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Davis must provide this Court with a record sufficient to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see also* TEX. R. APP. P. 52.3. Before mandamus may issue, it must be demonstrated that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96

---

[1]*See* TEX. CODE CRIM. PROC. ANN. art. 42.035 (Supp.).

[2]Davis claims he was placed on house arrest in September 2007 by a former Bowie County Justice of the Peace, the late Honorable Gibson "Hoot" Hadaway.

[3]A file-marked, uncertified copy of the trial court's order is attached to Davis's petition.

S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").

"The trial court is required to grant [an accused] pre-sentence jail time credit when sentence is pronounced." *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (orig. proceeding) (citing TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (Supp.)). Davis has provided no record to this Court showing why the trial court should have granted his request for time credit. For example, there is neither a judgment establishing any conviction nor any document or evidence showing that he served house arrest time. A petitioner in Davis's position must "show indisputably that he has been denied jail-time credit for a period of pre-trial incarceration for the identical 'case' for which he was convicted and sentenced" to warrant issuance of a judgment nunc pro tunc, *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (per curiam).

Davis has not produced a record showing that issuing a judgment nunc pro tunc was a ministerial duty on the part of the trial court. We deny Davis's request for a writ of mandamus.

> Josh R. Morriss, III
> Chief Justice

Date Submitted:     October 19, 2020
Date Decided:       October 20, 2020

Do Not Publish