**Petition for Writ of Mandamus Dismissed, Petition for Writ of Mandamus Denied, and Memorandum Opinion filed January 27, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00643-CR
### NO. 14-21-00750-CR

### IN RE BOBBY SCOTT GONZALEZ, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 924707**

## MEMORANDUM OPINION

On November 8, 2021, relator Bobby Scott Gonzalez filed a petition for writ of mandamus in this court ("First Petition").[1]  *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52.  In the petition, relator asks this court to compel the presiding judge of the 228th District Court of Harris County, to grant relator's

---

[1] Case number 14-21-00643-CR.

motion for judgment nunc pro tunc for credit served during the time he claims to have been subject to a state detainer while in federal custody. The trial court denied relator's motion on December 1, 2021. Therefore, relator's request for relief is moot. Accordingly, we dismiss relator's First Petition.

On December 20, 2021, relator filed a second petition for writ of mandamus ("Second Petition"), complaining of the trial court's denial of his motion for judgment nunc pro tunc that was the subject of the First Petition.[2] "Whenever a defendant can show indisputably that he has been denied jail-time credit for a period of pre-trial incarceration for the identical 'case' for which he was convicted and sentenced, he is entitled to relief from the convicting court in the form of a judgment nunc pro tunc and, failing that, by writ of mandamus in the court of appeals." *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011).

Relator has not provided this court with a copy of his motion for judgment nunc pro tunc, the judgment of conviction, or other documents showing that he is entitled to relief. Based on the record before us, we cannot determine whether it is "indisputable" that relator is entitled to the credit he claims. Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's Second Petition.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] Case number 14-21-00750-CR.