**Opinion issued August 4, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00724-CR

———————————

## IN RE JOE ALVIN TARVER, Relator

———————————————————————————————

### Original Proceeding on Petition for Writ of Mandamus

———————————————————————————————

## MEMORANDUM OPINION

Relator, Joe Alvin Tarver, has filed a petition for writ of mandamus challenging the trial court's nunc pro tunc judgment because it did not reflect "74 days of [additional] jail[-]time credit."[1]

We deny the petition.

---

[1]    The underlying case is *The State of Texas v. Joe Alvin Tarver*, Cause No. 2010R-0075, pending in the 155th District Court of Austin County, Texas, the Honorable Jeff R. Steinhauser, presiding.

## Background

In trial court cause number 2010R-0075, an Austin County Grand Jury issued a true bill of indictment, alleging that relator, on or about June 27, 2010, "unlawfully appropriate[d], by acquiring or otherwise exercising control over property, to-wit: tools, of the value of $1,500.00 or more but less than $20,000.00 from H. Stern, the owner thereof, without the effective consent of the owner, and with [the] intent to deprive the owner of the property" (the "underlying case").[2] In 2013, after relator, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of theft, the trial court assessed his punishment at confinement for two years, suspended the sentence, placed him on community supervision for five years, and ordered that he pay $11,035.00 in restitution.

Later, in 2018, the State filed a motion to revoke relator's community supervision, alleging that relator had violated certain conditions of his community supervision. At the October 30, 2018 hearing on the State's motion, relator pleaded true to the allegations in the State's motion that he had violated certain conditions of his community supervision. The State, at the hearing, informed the trial court that in exchange for relator's plea of true to the allegations in the State's motion to revoke, it recommended that punishment against relator be assessed at confinement for twelve months, with a credit for 180 days already served. The State also

---

[2] *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4).

recommended that relator be given a $20,000 personal recognizance bond and be allowed to wait to begin serving his sentence until November 12, 2018. The trial court accepted relator's plea of true, found true the allegations in the State's motion that relator had violated certain conditions of his community supervision, revoked relator's community supervision, and assessed relator's punishment at confinement for twelve months, with a credit for 180 days already served. The trial court also granted relator a $20,000 personal recognizance bond and ordered him to report to the "Austin County Jail" "no later than November 12, 2018 at 7:00 p.m." The trial court told relator that if he failed to report as ordered "a separate felony [offense] . . . could be filed against [him] for [his] failure to appear on or before that time."

The trial court's judgment, signed by the trial court on October 30, 2018, was consistent with the parties' agreement and assessed relator's punishment at confinement for twelve months, with a credit for 180 days already served. The judgment also stated for the "Date Sentence to Commence: November 12, 2018."

Relator did not report to the Austin County Jail as ordered. On November 28, 2018, in trial court cause number 2018R-0155, an Austin County Grand Jury issued a true bill of indictment, alleging that on or about November 12, 2018, relator

> intentionally or knowingly escape[d] from the custody of Elivaldo Paredes; who was then and there Captain of the Austin County Jail, Austin County, Texas, when [relator] was in custody pursuant to a lawful order of a court, to-wit: Judgment Revoking Community

3

Supervision on Case No. 2010R-0075 wherein Judge Jeff Steinhauser imposed a 12[-]month sentence on October 30, 2018 and granted [relator] a furlough, ordering [relator] to turn himself in to the Austin County Jail on November 12, 2018.

Relator was arrested on December 17, 2020 for the felony offense of escape from custody (the "escape charge").[3]  On January 15, 2021, relator was released from custody on bond related to the escape charge.

In June 2021, relator failed to appear in the trial court related to the escape charge.  After a warrant was issued for relator's arrest, relator was arrested on July 24, 2021 and transferred to the Austin County Jail in August 2021.  Relator was also charged, in trial court cause number 2021R-0085, with the felony offense of bail jumping and failure to appear related to his failure to appear in the trial court in June 2021 (the "failure-to-appear charge").[4]

Once relator was in custody, on September 7, 2021, the State filed a Motion to Enter Nunc Pro Tunc Judgment in trial court cause number 2010R-0075—the underlying case.  The State's motion explained that relator's "sentence [in the underlying case had been] set to commence on November 12, 2018," but relator "never appeared on November 12, 2018[] to begin his sentence."  Relator was subsequently arrested in July 2021 and transferred to the Austin County Jail in August 2021, but he "ha[d] not served his sentence in th[e] [underlying] case as

---

[3]     *See id.* § 38.06(a), (c).

[4]     *See id.* § 38.10(a), (f).

[previously] ordered" by the trial court on October 30, 2018. The State requested that the trial court amend its October 30, 2018 judgment to change the date relator's sentence was to begin from November 12, 2018 to September 7, 2021.

At the hearing on the State's motion, relator asked the trial court to give him additional credit in its judgment for the approximately seventy-four days he spent in jail related to the escape charge and the failure-to-appear charge. The trial court denied appellant's credit request. It granted the State's motion and reformed its October 30, 2018 judgment to state: "Date Sentence to Commence: September 7, 2021."

### Standard of Review

Mandamus relief is available in a criminal case when (1) the relator has shown that no other adequate remedy at law is available and (2) the act the relator seeks to compel is ministerial, not discretionary. *Braxton v. Dunn*, 803 S.W.2d 318, 320 (Tex. Crim. App. 1991); *In re State ex rel. Wice*, 629 S.W.3d 715, 720–21 (Tex. App.—Houston [1st Dist.] 2021, orig. proceeding). An act is ministerial if it does not involve the exercise of discretion. *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001); *Tex. Dep't of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981) (act is ministerial "where the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment"). "[T]he relator must have

5

a clear right to the relief sought, meaning that the merits of the relief sought are beyond dispute." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (internal quotations omitted). As to a credit for time already served, "[a] motion for judgment nunc pro tunc in the trial court, or writ of mandamus in the appellate court if such a motion is denied, will provide a remedy" only if the defendant's right to a credit for time served is "absolutely indisputable." *In re Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011).

## Credit for Time Served

In his sole issue, relator argues that the trial court erred in entering a nunc pro tunc judgment that did not reflect "74 days of [additional] jail[-]time credit" for the time he served in jail related to the escape charge and the failure-to-appear charge because that time was served after the trial court signed its October 30, 2018 judgment in the underlying case.

Texas Code of Criminal Procedure article 42.03, section 2(a)(1) provides:

> In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail for the case . . . from the time of his arrest and confinement until his sentence by the trial court.

TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1).

Mandamus relief from an alleged denial of a credit for time served is available only if "a defendant can show indisputably" that the denial of the credit was "for a

6

period of pre-trial incarceration for the identical case for which he was convicted and sentenced." *In re Brown*, 343 S.W.3d at 805. Here, the time for which relator seeks a credit was served related to his two separate charges for the felony offense of escape from custody and the felony offense of bail jumping and failure to appear. Those charges involved conduct by relator that occurred after the trial court signed its October 30, 2018 judgment and assessed relator's punishment in the underlying case. *Cf.* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1); *In re Ralston*, Nos. 12-22-00060-CR, 12-22-00061-CR, 2022 WL 1121050, at *1 (Tex. App.—Tyler Apr. 14, 2022, orig. proceeding) (mem. op., not designated for publication) ("Based on [a]rticle 42.03's plain language, the credit at issue relates not just to any time the defendant spent incarcerated . . . . Rather, it is the time [he was] incarcerated for the case in which he [was] ultimately tried and convicted. The statute's language does not authorize time credit in one case for confinement in another case." (internal quotations and citations omitted)). And whether relator was entitled to a time-served credit in the underlying case for the time he spent in jail related to the escape charge and the failure-to-appear charge was a question of statutory construction and a matter for judicial determination that required the trial court to consider conflicting legal claims; it involved a manifestly judicial function rather than a ministerial one. *See In re Brown*, 343 S.W.3d at 804–05 ("At issue in this case . . . is whether the relator's incarceration under the original murder indictment should count as incarceration of

7

the same 'case' as the tampering of evidence 'case' for which he was later indicted and convicted. It does not seem to be disputed that the murder and evidence tampering arose from the same core facts. Whether that should suffice to render them the same 'case' for purposes of [a]rticle 42.03, [s]ection 2(a)(1), however, is a matter of statutory construction—manifestly a judicial rather than a ministerial function."); *see also In re Sanchez*, Nos. 14-17-00273-CR, 14-17-00274-CR, 2017 WL 1573482, at *1–2 (Tex. App.—Houston [14th Dist.] Apr. 27, 2017, orig. proceeding) (mem. op., not designated for publication); *In re Pinto*, No. 04-13-00389-CR, 2013 WL 3422971, at *1–2 (Tex. App.—San Antonio July 3, 2013, orig. proceeding) (mem. op., not designated for publication). Because relator seeks to compel a non-ministerial act, we hold that he is not entitled to mandamus relief.

## Conclusion

We deny the petition for writ of mandamus. All pending motions are dismissed as moot.

Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Countiss and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

8