

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00129-CR

JOHNNY LEE HART, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Red River County, Texas
Trial Court No. CR03312

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

A Red River County jury convicted Johnny Lee Hart of aggravated sexual assault, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(e). After the jury found the State's punishment-enhancement allegations true, Hart was sentenced to life imprisonment but was given 570 days of jail time credit.

On appeal, Hart argues that (1) the trial court erred by allowing the victim to testify that Hart was previously imprisoned, (2) the trial court erred by allowing the State's expert to testify about the victim's truthfulness, and (3) his counsel rendered ineffective assistance by failing to object to allegedly inadequate notice of the State's punishment enhancement allegations.[1] We addressed these issues in detail in our opinion in Hart's companion case. For the reasons discussed in cause number 06-23-00128-CR, we overrule these points of error here.

Hart has also raised one issue unique to this case; he argues that the jail time credit calculation sheet, filed only in his companion case, supports a jail time credit of 572 days. Our review of Hart's jail time credit sheet shows that he is owed 572 days of jail time credit, which is the amount credited in the judgment in Hart's companion case. "Whenever a defendant can show indisputably that he has been denied jail-time credit, . . . he is entitled to relief . . . ." *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (order) (per curiam) (orig. proceeding); *see* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (Supp.). As a result, we modify the trial court's judgment to reflect that Hart has 572 days of jail time credit instead of 570 days.

---

[1]In companion cause number 06-23-00128-CR, Hart appeals his conviction for family violence assault by occlusion, with a previous conviction for family violence.

As modified, we affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted: April 3, 2024
Date Decided: April 24, 2024

Do Not Publish