

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00002-CR

IN RE ROBERT C. JOHNSON

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Relator, Robert C. Johnson, has asked this Court for mandamus relief. He claims to be entitled to time credit on his sentence.[1] Because he has failed to provide this Court with certified or sworn copies of relevant documents as required by the Texas Rules of Appellate Procedure,[2] we deny the requested writ of mandamus.

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To meet the burden to establish entitlement to mandamus relief, a relator is required to show that the trial court failed to complete a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is considered ministerial "if the relator can show . . . a *clear right to the relief sought*." *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). A clear right to the requested relief is shown when the facts and circumstances require "but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d at 122 (quoting *Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as

---

[1]Johnson states in his petition that he was convicted of failure to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. 62.051 (Supp.).

[2]A petitioner seeking extraordinary relief, such as mandamus, must include in his petition an appendix containing certified or sworn copies of "any order complained of, or any document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(B).

2

distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

A petitioner seeking mandamus relief must comply with the Texas Rules of Appellate Procedure. Among those requirements are attachments to the petition of "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Johnson has attached no documents establishing that he sought relief from the trial court or any judgments that might be relevant to his request. [3]

His petition is insufficient to establish that the trial court abused its discretion. *See In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." (footnote omitted) (citations omitted)).

Because he has not complied with the rules governing a petition for extraordinary relief, we deny Johnson's petition.

Charles van Cleef
Justice

Date Submitted: January 31, 2025
Date Decided: February 3, 2025

Do Not Publish

---

[3]"A motion for judgment *nunc pro tunc* or a writ of mandamus to the appellate court if such a motion is denied will provide a remedy only if the right to pre-trial jail-time credit is absolutely indisputable under the terms of Article 42.03, Section 2(a)(1)." *In re Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011) (per curiam) (orig. proceeding).