

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00063-CR

RUBEN ISREAL SANCHEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 26,092-B, Honorable John B. Board, Presiding

July 17, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Ruben Isreal Sanchez, was convicted of the offense of aggravated assault with a deadly weapon and assessed a sentence of life imprisonment.[1] On appeal, appellant raises four issues, all related to the deadly-weapon finding. We will affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

Background

In July 2015, two teenagers met to fight in an elementary school parking lot. Several adults came to observe the fight and, after it began, some of them joined the fray. Appellant was among them. During the commotion, appellant pulled out a knife and stabbed a fifteen-year-old boy in the back.

Appellant was indicted for aggravated assault with a deadly weapon. The indictment alleged that appellant did "intentionally, knowingly, or recklessly cause bodily injury to [I. R.] by stabbing him with a knife, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife . . . ." On February 8, 2017, a jury found appellant guilty of the offense as alleged in the indictment.

Appellant elected for the trial court to impose punishment, and the punishment phase began the following day. The trial judge began by reciting that the jury had found appellant "guilty of the offense of aggravated assault with a deadly weapon as alleged in the indictment." Appellant then pleaded "true" to an enhancement paragraph alleging a prior aggravated assault with a deadly weapon. At sentencing, the trial judge stated that he accepted the jury's verdict of guilty and followed by, "I do find that a deadly weapon was used in the commission of that crime and I also accept his plea of true to the enhancement paragraph." He then addressed appellant at length, ending with, "And so all those things considered, having found you guilty, having found the enhancement to be true, having found that a deadly weapon was used in the commission of the crime, I'll sentence you to life in prison."

The proceedings concluded on February 9, and appellant's sentence was imposed, and judgment was signed and entered, on that same day.

Analysis

In appellant's first of four issues, he contends that "no complete certainty is possible regarding the trial court's making or not making a deadly-weapon finding," requiring a remand to determine whether the trial judge actually made such a finding. Well-settled case law requires that, "[f]or a trial court to enter a deadly-weapon finding in the judgment, the trier of fact must first make an 'affirmative finding' to that effect." *Duran v. State*, 492 S.W.3d 741, 746 (Tex. Crim. App. 2016). Appellant's argument is premised on the notion that "the trial court did not make clear at sentencing that it would make a deadly-weapon finding." According to appellant, since factfinders have discretion to decline to make a deadly-weapon finding, even when it is a necessary element of the charged offense for which the defendant has been found guilty, the alleged lack of clarity on the part of the trial court leaves him uncertain of whether an affirmative finding was made. He argues that he is in the same position as the defendant in *Guthrie-Nail v. State*, 506 S.W.3d 1 (Tex. Crim. App. 2015), in that he had no chance to make any objections or request a hearing and, consequently, remand is necessary.

In our view, appellant's situation is distinguishable from *Guthrie-Nail*. In that case, the defendant's plea papers did not mention a deadly weapon finding, the trial judge did not orally refer to any such finding, and the written judgment said "N/A" under the section titled "Findings on Deadly Weapon." *Guthrie-Nail*, 506 S.W.3d at 3. Then, more than two months later, the trial court entered a nunc pro tunc judgment adding the deadly-weapon

3

finding, without notice to the defendant. *Id.* The Court of Criminal Appeals held that, since the record did not conclusively establish that a deadly-weapon finding was made at or before the time the judgment was signed, remand was necessary. *Id.* at 7.

In contrast, the present case reflects no such inconsistency or uncertainty. Here, the indictment alleged that appellant committed aggravated assault with a deadly weapon. When the jury found that appellant was guilty of the offense "as alleged in the indictment," the trial court had an adequate basis for entering the finding in the judgment. *Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985) ("[I]f the indictment by allegation specifically places the issue before the trier of fact . . ., then an affirmative finding is de facto made when the defendant is found guilty 'as charged in the indictment.'"). In addition, the trial judge orally confirmed the deadly-weapon finding ("I do find that a deadly weapon was used"). Immediately prior to imposing the sentence, he again affirmed the finding ("having found that a deadly weapon was used"). His affirmative finding was borne out in the judgment, which he signed the same day ("The Court FINDS Defendant used or exhibited a deadly weapon, namely, a knife, during the commission of a felony offense . . .").

The record before us reflects no irregularity among the indictment, the jury's verdict, the judge's oral pronouncement, and the judgment. Since nothing indicates that the trial judge declined to make an affirmative finding of a deadly weapon, a remand for clarification is unnecessary. Therefore, we overrule appellant's first issue.

By his second issue, appellant submits that the law on making a deadly-weapon finding is unconstitutionally vague as applied to defendants in his position. By his third

4

and fourth issues, appellant argues that disadvantaging one defendant by making a deadly-weapon finding, while another defendant in similar circumstances is not so disadvantaged, is a denial of equal protection under the U.S. and Texas Constitutions.

The State urges that these issues have not been preserved for our review. To preserve an issue for appellate review, the record must show: (1) a timely and specific request, objection, or motion bringing the issue to the trial court's attention; and (2) the trial court's ruling on the request, objection, or motion, or the trial court's refusal to rule and the party's objection to that refusal. TEX. R. APP. P. 33.1(a).

Appellant concedes that no objection or motion was made at trial concerning these three points. He argues, however, that the ambiguity of the verdict below "is fatal to any preservation requirement." Specifically, he contends that no contemporaneous objection was required because he had no cause to object until the deadly-weapon finding appeared in the final judgment.

As explained above, we are unpersuaded by appellant's argument that the trial court's affirmative finding of a deadly weapon was ambiguous. Appellant was required to object at trial to preserve for appeal his claims that his constitutional rights were violated by the deadly-weapon finding. *See Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008) (appellant waived equal protection claim when he neglected to raise issue at trial); *Curry v. State*, 910 S.W.2d 490, 496 n.2 (Tex. Crim. App. 1995) (contention that statute is unconstitutional as applied to an accused because of vagueness and uncertainty must be asserted in the trial court or it is waived).

We overrule appellant's second, third, and fourth issues.

Conclusion

The judgment of the trial court is affirmed.

Judy C. Parker
Justice

Do not publish.