**AFFIRMED and Opinion Filed October 31, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00264-CR**

**No. 05-19-00265-CR**

**WARREN TYRONE CALHOUN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F15-52259-N, F15-52260-N**

# MEMORANDUM OPINION
Before Justices Bridges, Whitehill, and Schenck
Opinion by Justice Whitehill

Warren Tyrone Calhoun appeals his conviction, following the adjudication of his guilt, on two charges of possession with intent to deliver controlled substances. In two issues, he argues that the adjudication hearing deadly weapon findings were erroneous. As discussed below, we affirm the trial court's judgments.

## I. BACKGROUND

In 2015, appellant was charged by two separate indictments with manufacture and delivery of a controlled substance, penalty group one, greater than four grams but less than two hundred grams. Both indictments included two enhancement paragraphs: one for the use or exhibition of a deadly weapon during the commission of the crime and one alleging a prior felony conviction for evading arrest.

Appellant subsequently signed a judicial confession in both cases that included a confession to the use of a deadly weapon but not the prior conviction. Pursuant to a plea bargain with the State that included the deadly weapon finding, he was placed on deferred adjudication community supervision.

In 2017, the State moved for an adjudication of guilt based on several alleged violations of appellant's community supervision. Appellant entered an open guilty plea and stipulated to three community supervision violations. The trial court adjudicated appellant's guilt in both cases and sentenced him to twenty five years in prison.

## II. ANALYSIS

In two issues, appellant argues that the plea bargain hearing deadly weapon findings were erroneously carried forward to the adjudication hearing and he was harmed because the findings affects his parole eligibility. Specifically, appellant argues that the deadly weapon findings were unlawfully carried forward because (i) there was no evidence regarding a deadly weapon at the adjudication hearing and (ii) the record does not demonstrate the trial judge's awareness of his discretion to make the finding. We are not persuaded by these arguments.

The entry of a deadly weapon finding affects parole eligibility. *See Duran v. State*, 492 S.W.3d 741, 745 (Tex. Crim. App. 2016). Thus, an affirmative finding regarding the use or exhibition of a deadly weapon is to be entered in the trial court's judgement. *See* TEX. CODE CRIM. PROC. art. 42A.054(c). But "an affirmative finding of a deadly weapon is not applicable to an order of deferred adjudication because parole eligibility only applies to persons who are imprisoned." *Thomas v. State*, No. 05-14-00725-CR, 2015 WL 3814302, at *1 (Tex. App.—Dallas June 18, 2015, no pet.) (mem. op. not designated for publication).

Appellant relies on *Guthrie-Nail v. State*, 506 S.W.3d 1, 4–6 (Tex. Crim. App. 2015) to argue that "the revocation judge's mechanical decision to impose the prior deadly weapon findings should be invalidated." *Guthrie–Nail*, however, is distinguishable from this case.

In that case, pursuant to a plea agreement, the State waived a capital murder charge and appellant pleaded guilty to conspiracy to commit capital murder, as set out in the indictment, in exchange for a fifty-year prison sentence. *Id.* at 2. The trial judge "questioned appellant at length" concerning the voluntariness of her plea and the rights she was relinquishing, and orally found her guilty of the offense of "conspiracy to commit capital murder just as set forth in the indictment." *Id.* at 3, 7. But "the trial judge did not orally refer to a deadly-weapon finding, nor d[id] the plea papers make any mention of a deadly-weapon finding." *Id.* at 3. The written judgment said "N/A" in the space provided for "Findings on Deadly Weapon." *Id.*

Then, over two months after the trial court entered the original judgment, the trial judge signed a judgment nunc pro tunc that changed the deadly weapon finding entry from "N/A" to "Yes, a Firearm" and added a special finding that appellant used or exhibited a deadly weapon. *Id.* The court of criminal appeals concluded that the record was "far from conclusive" as to whether a deadly weapon finding was made at or before the time the trial court signed the written judgment and remanded the case for a hearing on the judgment nunc pro tunc, specifically concerning whether the judge made a deadly weapon finding. *Id.* at 2, 7.

In the present case, however, there is no such ambiguity in the record. Both indictments included a deadly weapon enhancement paragraph and appellant's judicial confession in both cases included a confession to the use of a deadly weapon. The plea bargain agreement also included a deadly weapon finding. At the plea bargain hearing, appellant testified that he had discussed the deadly weapon finding with his attorney and understood that because of that finding, if

adjudicated, he would not be parole eligible until he had completed half of his sentence. Thus, the court found that appellant committed the offenses with a deadly weapon.

At the adjudication hearing, appellant pled true to three of the six alleged probation violations. The court accepted appellant's pleas and took judicial notice of the court's files, which included appellant's judicial confessions. A defendant's "judicial confession is sufficient evidence to show that he used a deadly weapon, and the record need not otherwise provide proof." *Burns v. State*, No. 05-15-00971-CR, 2016 WL 2903589, at *2 (Tex. App.—Dallas May 12, 2016, no pet.) (mem. op., not designated for publication).

And contrary to appellant's assertions, the adjudication judge's failure to verbally acknowledge his discretion to enter the finding does not indicate a lack of awareness of that discretion. The judge did not state that he was carrying the plea bargain finding forward, but instead affirmatively stated that: "The Court is making a finding that a deadly weapon was used or exhibited in the commission of the offense to wit, a handgun."

Accordingly, on this record, we cannot conclude that the trial court's deadly weapon findings were erroneous. We resolve appellant's issues against him and afform the trial court's judgments.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2 (b)
190264F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WARREN TYRONE CALHOUN,
Appellant

No. 05-19-00264-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F15-52259-N.
Opinion delivered by Justice Whitehill.
Justices Bridges and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 31, 2019



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

WARREN TYRONE CALHOUN, Appellant

No. 05-19-00265-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1552260-N.
Opinion delivered by Justice Whitehill.
Justices Bridges and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 31, 2019