

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00127-CR

———————————————————

AUSTIN BURGE-PORRAS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F19-2563-16

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

In a single issue, appellant Austin Burge-Porras contends the trial court erred by including a deadly-weapon finding in the judgment for his aggravated-assault conviction when the trial court had not asked the jury a separate deadly-weapon question in the charge. Based on controlling Texas Court of Criminal Appeals authority, we affirm.

## I. BACKGROUND

A jury convicted Burge-Porras of aggravated assault, after a short trial at which the complainant testified that—while the two were driving on the same road and after the complainant had honked at Burge-Porras—Burge-Porras drove up beside the complainant, made angry faces and "jerky" hand motions, and then showed the complainant a firearm that Burge-Porras had "pointed up" in his lap. *See* Tex. Penal Code Ann. § 22.02(a)(2) (providing that a person commits aggravated assault if he commits assault under Penal Code Section 22.01 and also "uses or exhibits a deadly weapon during the commission of the assault"). The indictment had charged Burge-Porras with "intentionally or knowingly threaten[ing the complainant] with imminent bodily injury by pulling up next to [him] and staring at [him] while holding a firearm, and . . . during the commission of said assault, us[ing] or exhibit[ing] a deadly weapon, to-wit: a firearm." Although the jury charge did not include a specific deadly-weapon question, the jury found, "unanimously," that Burge-Porras was "guilty of the offense of Aggravated Assault *as alleged in the indictment*." [Emphasis added.] In doing so, the

2

jury rejected Burge-Porras's self-defense claim, on which the trial court had instructed the jury.

## II. ANALYSIS

Burge-Porras argues in his sole issue on appeal that because the jury was not asked, and did not answer, a specific deadly-weapon question in the charge, the trial court erred by including that affirmative finding in the judgment. It is true that before a trial court may include a deadly-weapon finding in a judgment, "the trier of fact must first make an 'affirmative finding'" that the defendant used or exhibited a deadly weapon in committing the charged offense. *Duran v. State*, 492 S.W.3d 741, 746 (Tex. Crim. App. 2016); *see* Tex. Code Crim. Proc. Ann. arts. 42.01, § 1(21), 42A.054(b)–(d). But in very limited circumstances, a trial court may infer that a jury did make such an affirmative finding, even if the jury did not make an express, separate finding. *Duran*, 492 S.W.3d at 746 (citing *Polk v. State*, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985) (listing limited circumstances in which trial court may infer finding)). One of those circumstances is present here: the indictment specifically alleged that the defendant used a firearm, and the jury found the defendant guilty "as charged in the indictment." *Id.*; *Polk*, 693 S.W.2d at 396; *see Lafleur v. State*, 106 S.W.3d 91, 92 (Tex. Crim. App. 2003) ("[W]e reaffirm our decision in *Polk v. State*."); *cf. Crumpton v. State*, 301 S.W.3d 663, 664 (Tex. Crim. App. 2009) ("Having found that the defendant was guilty of homicide, the jury necessarily found that the defendant used something that in the manner of its use was capable of causing—and did cause—death.").

Although the Court of Criminal Appeals has emphasized that this exception is limited, it has not overruled *Polk* or its subsequent opinions relying on *Polk*'s reasoning applicable to this case. *E.g.*, *Duran*, 492 S.W.3d at 746; *Lafleur*, 106 S.W.3d at 92. Nor has Burge-Porras asserted that *Polk* is no longer valid based on new authority or argument. Thus, we overrule his sole issue.

## III. CONCLUSION

Having overruled Burge-Porras's sole issue on appeal, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 4, 2022