**AFFIRMED as MODIFIED and Opinion Filed April 25, 2023**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-22-00825-CR**

**TALYLE ELDANTE MEADERDS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-76609-N**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Reichek

Following a jury trial, Talyle Eldante Meaderds was convicted of aggravated sexual assault. Appellant asks this Court to modify the judgment to delete an affirmative deadly weapon finding. The State agrees the affirmative finding is improper. For reasons that follow, we modify the trial court's judgment to delete the deadly weapon finding. As modified, we affirm.

In the original indictment charging appellant with aggravated sexual assault, the aggravating element alleged was appellant's use or exhibition of a deadly weapon, a firearm, in the course of the same criminal episode. *See* TEX. PENAL CODE

ANN. § 22.021(a)(2)(A)(iv). Before trial, the State amended the indictment to allege alternate aggravating elements. In addition to the deadly weapon allegation, the amended indictment alleged appellant, by his acts and words, placed the complainant in fear that death, serious bodily injury, and kidnapping would be imminently inflicted on her and alleged that, by acts or words occurring in the complainant's presence, appellant threatened to cause death and serious bodily injury to her and kidnap her. *See id.* § 22.021(a)(2)(A)(ii) & (iii).

The court's charge instructed the jury on the alternate aggravating factors. The jury found appellant guilty of aggravated sexual assault "as charged in the indictment" and assessed his punishment at 45 years' confinement. No special issue regarding the use or exhibition of a deadly weapon was presented to the jury. The trial court's judgment includes an affirmative finding that appellant used or exhibited a deadly weapon, a firearm, during the commission of the offense.

The term "affirmative finding" means the trier of fact's *express* determination that a deadly weapon or firearm was actually used or exhibited during the commission of the offense. *Duran v. State*, 492 S.W.3d 741, 746 (Tex. Crim. App. 2016). Courts do not look to the facts of the case to imply an affirmative deadly weapon finding; we look to the charging instrument, the jury charge, and the verdict to evaluate the propriety of an entry of a deadly weapon finding in a judgment. *Id.* There are three ways by which a court can determine that the trier of fact actually made an affirmative finding of a deadly weapon:

(1) the indictment specifically alleged a "deadly weapon" was used and the defendant was found guilty "as charged in the indictment;"

(2) the indictment did not use the words "deadly weapon" but alleged use of a deadly weapon per se, such as a firearm; or

(3) the jury made an express finding of fact of use of a deadly weapon in response to submission of a special issue.

*Id.* (citing *Polk v. State*, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985)).

Although the jury found appellant guilty "as charged in the indictment," the use or exhibition of a deadly weapon was not the only aggravating factor alleged in this case. The jury could have found appellant guilty of aggravated sexual assault if it found that by his acts and words, he placed the complainant in fear that death, serious bodily injury, or kidnapping would be imminently inflicted on her or if it found that by acts or words occurring in the complainant's presence, appellant threatened to cause death or serious bodily injury to her or kidnap her. We cannot imply from the jury's verdict that it believed the evidence that appellant used or exhibited a firearm. Because the trial court was not the factfinder, it did not have authority to find implied facts that the jury did not expressly find. *See Lafleur v. State*, 106 S.W.3d 91, 95 (Tex. Crim. App. 2003). We sustain appellant's issue.

We modify the trial court's judgment to delete all references to an affirmative deadly weapon finding. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26,

28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—

Dallas 1991, pet. ref'd).   As modified, the judgment is affirmed.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish.
TEX. R. APP. P. 47.2(b).
220825F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TALYLE ELDANTE MEADERDS, Appellant

No. 05-22-00825-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-76609-N. Opinion delivered by Justice Reichek. Justices Partida-Kipness and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to remove all references to an affirmative deadly weapon finding. As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 25th day of April, 2023.