**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00016-CR**
_____

**IN RE DANIEL R. GALLOW**

Original Proceeding
58th District Court of Jefferson County, Texas
Trial Cause No. F04-91705

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Relator Daniel R. Gallow complains that

the trial court abused its discretion by denying Gallow's motion for judgment nunc

pro tunc for an offense committed in 2001.[1] According to Gallow, the judgment

---

[1] Gallow filed his mandamus petition with the appellate court that decided his regular appeal under a docket equalization order. *See generally Gallow v. State*, No. 11-07-00126-CR, 2008 WL 4072811, at * 1 (Tex. App.—Eastland Sept. 4, 2008, pet. ref'd) (mem op., not designated for publication). The Clerk of the Court for the Eleventh Court of Appeals District forwarded the mandamus petition to this Court. The court in which the Respondent presides is in Jefferson County, which is in the Ninth Court of Appeals District. *See* Tex. Gov't Code Ann. § 22.201(j). Gallow filed his motion for judgment nunc pro tunc with the 58th District Court. Gallow may

1

includes a deadly weapon finding although the jury did not make an express finding that he used or exhibited a deadly weapon in the course of committing aggravated sexual assault by the use of physical force against the Complainant that by acts and words of the Defendant placed the Complainant in fear that death and serious bodily injury would be imminently inflicted.[2]

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). But to be entitled to mandamus relief, the relator must provide a record that is sufficient to establish (1) "that he has no adequate remedy at law to redress his alleged harm[,]" and (2) "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). The

---

have been convicted by the judge of the 58th District Court sitting as the Criminal District Court of Jefferson County, Texas.

[2] When Gallow committed the offense, restrictions on parole eligibility applied to offenses listed in former article 42.12, section 3g. *See* Tex. Code Crim. Proc. Ann., art. 42.12, section 3g; Act of June 10, 1977, 65th Leg., R.S., ch. 347, § 1, sec. 3f, 1977 Tex. Gen. Laws 925, 926, *repealed by* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 3.01, 2015 Tex. Gen. Laws 2320, 2394, eff. Jan. 1, 2017 (current version at Tex. Code Crim. Proc. Ann. art. 42A.054); *see also* Tex. Gov't Code Ann. § 508.145(d)(1). Aggravated sexual assault was a "3g" offense listed under article 42.12, section 3g(a)(1)(E). An offense committed with the use or exhibition of a deadly weapon was a "3g" offense under article 42.12, section 3g(a)(2).

mandamus petition must include a certified or sworn copy of every document that is material to the Relator's claim for relief and that was filed in any underlying proceeding. *See* Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1).

To determine whether a jury made an express finding of the use of a deadly weapon, the reviewing court considers the indictment, the jury charge, the verdict form, and the judgment. *See Lafleur v. State*, 106 S.W.3d 91, 98-99 (Tex. Crim. App. 2003); *see also Duran v. State*, 492 S.W.3d 741, 746 (Tex. Crim. App. 2016) ("Courts do not look to the facts of the case to 'imply' an affirmative deadly-weapon finding; we look to the charging instrument, the jury charge, and the jury verdict to evaluate the propriety of an entry of a deadly-weapon finding in the judgment.").

The record before this Court fails to establish that Gallow seeks to compel a ministerial act, not involving a discretionary or judicial decision, for which he lacks an adequate remedy at law. *See State ex rel. Young*, 236 S.W.3d at 210. The mandamus record contains a single page of a multiple-page indictment, Gallow's motion for judgment nunc pro tunc, and the trial court's November 19, 2024, order denying the motion for judgment nunc pro tunc. Gallow failed to include the entire indictment, the jury charge, the verdict form or the judgment with his mandamus petition. For the reasons explained above we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

3

PETITION DENIED.

PER CURIAM

Submitted on January 28, 2025
Opinion Delivered January 29, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

4