# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-17-00788-CR
NO. 03-17-00789-CR

**Trevor Carl Edic, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
NOS. CR2015-495 & CR2016-287, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Trevor Carl Edic guilty of aggravated assault with a deadly weapon, *see* Tex. Penal Code § 22.02(a), and evading arrest with a vehicle, *see id.* § 38.04(a), (b)(2)(A). The jury assessed appellant's punishment at confinement in the Texas Department of Criminal Justice for 13 years on the assault offense and two years on the evading offense, *see id.* §§ 12.33, 12.34.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that these appeals are frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[1] *See Anders v. California*, 386 U.S. 738, 744 (1967);

---

[1] In his *Anders* brief, appellant's appointed counsel noted—and our review of the record confirmed—that the trial court did not formally pronounce appellant's sentences before remanding

*Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant did not file a motion requesting access to the record, and, to date, has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the trial proceedings below and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and that the appeals are frivolous. Counsel's motion to withdraw is granted.[2] The trial

---

appellant into custody at the end of trial. Such pronouncement is required by law. *See* Tex. Code Crim. Proc. art. 42.03, § 1(a); *see also Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Accordingly, we abated the appeals and remanded the cases to the trial court for the pronouncement of sentence. *See Edic v. State*, Nos. 03-17-00788-CR & 03-17-00789-CR, 2018 WL 2123465, at *2 (Tex. App.—Austin May 8, 2018, no pet. h.) (mem. op., not designated for publication); *see also* Tex. R. App. P. 44.4(b) (requiring appellate court to direct trial court to correct remediable error that prevents proper presentation of appeal).

[2] Appointed counsel certified to this Court that he advised appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous. In addition, appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*. Nevertheless, appointed counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which mandates that counsel send appellant a copy of this Court's opinion and judgment along with notification of his right to file a pro se petition for discretionary review within five days after this opinion is handed down. *See* Tex. R. App. P. 48.4; *see In re Schulman*, 252 S.W.3d 403, 411 n.35 (Tex. Crim. App. 2008). The duty

court's judgment of conviction for evading arrest with a vehicle in appeal number 03-17-00789-CR is affirmed.

However, on review of the record, we observe that the trial court's written judgment of conviction for aggravated assault with a deadly weapon in appeal number 03-17-00788-CR contains non-reversible clerical error in that it incorrectly omits the deadly weapon finding.[3] The judgment recites the "Findings on Deadly Weapon" as "N/A." However, the indictment alleged that appellant "did use or exhibit a deadly weapon, to-wit: a firearm" during the commission of the alleged assault. The jury found appellant guilty of aggravated assault "as charged in the indictment." Thus, the trial court was required to enter the jury's deadly weapon findings in the judgment. *See* Tex. Code Crim. Proc. arts. 42.01, § 1(21) (requiring judgment to reflect affirmative findings entered pursuant to Article 42A.054(c) or (d)), 42A.054, §§ (c) (requiring trial court to enter affirmative finding in judgement regarding defendant's use or exhibition of deadly weapon during commission of felony offense), (d) (requiring trial court to enter affirmative finding in judgement that deadly weapon used or exhibited was firearm); *see also Duran v. State*, 492 S.W.3d 741, 746 (Tex. Crim. App. 2016) (reaffirming that jury has made affirmative finding of deadly weapon if "the indictment specifically alleged [that] a 'deadly weapon' was used (using the words 'deadly weapon') and the

---

to send appellant a copy of this Court's decision is an informational one, not a representational one. *See In re Schulman*, 252 S.W.3d at 411 n.33. It is ministerial in nature, does not involve legal advice, and exists after this Court has granted counsel's motion to withdraw. *See id.*

[3] On remand after the appeals were abated, the trial court entered a nunc pro tunc judgment in each of these cases in order to reflect the correct "Date Sentence Imposed." However, the error in the omission of the deadly weapon finding remains in the nunc pro tunc judgment for aggravated assault with a deadly weapon.

defendant was found guilty 'as charged in the indictment'" (citing *Polk v. State*, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985))).

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b) (authorizing court of appeals to modify trial court's judgment and affirm it as modified); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that Texas Rules of Appellate Procedure empower courts of appeals to reform judgments). Accordingly, we modify the trial court's judgment of conviction for aggravated assault with a deadly weapon in appeal number 03-17-00788-CR to reflect that the "Findings on Deadly Weapon" are "YES, A FIREARM." *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (holding that appellate court could reform judgment to reflect jury's affirmative deadly weapon finding). As so modified, the judgment of conviction for aggravated assault with a deadly weapon is affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

03-17-00788-CR  Modified and, as Modified, Affirmed

03-17-00789-CR  Affirmed

Filed: June 28, 2018

Do Not Publish