**AFFIRMED AS MODIFIED and Opinion Filed October 12, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00655-CR

**ANTHONY MARCUS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-30422-M**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

Appellant Anthony Marcus pleaded guilty to murder, and the jury sentenced him to seventy years' imprisonment and a $10,000 fine. In a single issue, appellant argues the trial court erred by admitting the State's summary of the evidence exhibit during sentencing because it introduced inaccurate, prejudicial evidence that affected his substantial rights. As modified, we affirm the trial court's judgment.

Because the underlying facts are not relevant for disposition of the appeal, we provide only a brief recitation of background information. *See* TEX. R. APP. P. 47.4. Appellant and decedent began dating when decedent was a senior in high school. Decedent graduated and moved into a dorm at the University of North Texas. She began to expand her social circle, which did not include appellant. Their relationship eventually ended; however, appellant's jealousy and

obsession escalated. Appellant continued to call decedent, her friends, and her family in an attempt to stay connected to her. One particular night, appellant threatened to kill himself if decedent's sister did not tell him where she was.

On April 27, 2016, appellant shot decedent twice in the head and killed her. He judicially confessed to the murder, and the jury assessed punishment at seventy years' confinement and a $10,000 fine.

During trial, the State offered exhibit 2, without objection, for demonstrative purposes. The exhibit contained eleven columns representing the months leading up to the murder with certain events listed under the month they occurred. At the conclusion of the State's case, the State offered exhibit 2 for all purposes. Appellant objected "[b]ased on that it is a comment on the weight of the evidence. It is the prosecutor's version of the testimony, not the testimony itself." He further objected under rule of evidence 403. The trial court overruled the objections.

On appeal, appellant argues the trial court abused its discretion by admitting exhibit 2 because it was not relevant and was not an accurate summary of the evidence as required under rule 1006. *See* TEX. RS. EVID. 402 (relevant evidence is generally admissible), 1006 ("The proponent may use a summary, chart, or calculation to prove the content of voluminous writings. . . ."). The State responds appellant failed to preserve his issue for review. We agree.

To preserve an issue for review, a defendant must make a timely, specific objection with sufficient specificity to make the trial court aware of his complaint. TEX. R. APP. P. 33.1. Further, the objection at trial must comport with the complaint raised on appeal. *Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003). Appellant's objections at trial do not comport with his arguments on appeal. Accordingly, appellant has failed to preserve his issue for review. *See, e.g., Jackson v. State*, 314 S.W.3d 118, 123 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (rule 403 objection did not preserve complaints under rules 401 and 402); *Blackstock v. State*, No. 14-03-

01415-CR, 2007 WL 43789, at *5 (Tex. App.—Houston [14th Dist.] Jan. 9, 2007, no pet.) (mem. op., not designated for publication) (issue not preserved when defendant "did not object at trial to the admission of any part of the exhibits as summaries under Texas Rule of Evidence 1006, but stated global hearsay and business records objections to entire exhibits").  We overrule appellant's sole issue.

In a cross-point, the State argues the judgment should be modified to reflect that appellant pleaded guilty.  This Court has the power to modify a judgment to make the record speak the truth when we have the necessary information to do so.  TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *Barnes v. State*, No. 05-16-01184-CR, 2017 WL 5897746, at *6 (Tex. App.—Dallas Nov. 29, 2017, no pet.) (mem. op., not designated for publication).  The record shows appellant affirmatively pleaded guilty in open court, and the trial court accepted his plea.  Accordingly, we modify the section of the judgment titled "Plea to Offense:" to reflect that appellant entered a plea of "GUILTY."

Although not raised by either party, our review of the judgment further indicates that it incorrectly states "Findings on Deadly Weapon: N/A" instead of "YES, A FIREARM."  As this Court stated in *Asberry*, an appellate court has a duty to reform a judgment to make the record speak the truth "and such a duty is not dependent upon a request by either party."  *Asberry*, 818 S.W.2d at 529; *see also French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting reasoning set forth in *Asberry*).

We are mindful of the ramifications of modifying a judgment to include a deadly weapon finding as such a finding affects a defendant's eligibility for parole.  *See Duran v. State*, 492 S.W.3d 741, 745 (Tex. Crim. App. 2016).  Section 508.145(d)(2) of the government code states an inmate serving a sentence for an offense which includes an affirmative deadly weapon finding, "is not eligible for release on parole until the inmate's actual calendar time served, without

consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less." *See* TEX. GOV'T CODE ANN. § 508.145(d)(1)–(2) (West Supp. 2017). Because of these repercussions, it is well-settled that "for a trial court to enter a deadly-weapon finding in the judgment, the trier of fact must first make an 'affirmative finding' to that effect." *Duran*, 492 S.W.3d at 746; *see also Brown v. State*, No. 05–15–00857–CR, 2016 WL 7473899, at *2 (Tex. App.—Dallas Dec. 29, 2016, no pet.) (mem. op., not designated for publication). The court of criminal appeals has held that one of the ways a jury may make an affirmative findings is by finding the defendant "guilty as charged in the indictment" when the indictment specifically alleged a deadly weapon was used. *Duran*, 492 S.W.3d at 746; *Polk v. State*, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985).

Here, the indictment alleged appellant used a "FIREARM, a deadly weapon." Appellant pleaded guilty to the indictment, and the jury was instructed "to find the defendant guilty of murder as charged in the indictment." There was no objection to the plea, and the record does not indicate the State abandoned the deadly weapon allegation. As such, the record indicates the jury made an affirmative finding, based on its finding of guilt, that appellant used or exhibited a deadly weapon. *See, e.g., Blackwell v. State*, No. 05-17-00421-CR, 2018 WL 2147925, at *3 (Tex. App.—Dallas May 10, 2018, pet. ref'd) (mem. op, not designated for publication). Accordingly, we modify the trial court's judgment by deleting "N/A" and replacing with "YES, A FIREARM," under "<u>Findings on Deadly Weapon[.]</u>" *See* TEX. R. APP. P. 43.2(b).

As modified, we affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47
170655F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTHONY MARCUS, Appellant

No. 05-17-00655-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-30422-M.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under "Plea to Offense:," we **DELETE** "Not Guilty" and **REPLACE** with "Guilty."

Under "Findings on a Deadly Weapon:," we **DELETE** "N/A" and **REPLACE** with "Yes, A FIREARM.

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 12, 2018.

–5–